# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT APONTE, | |
| Petitioner, | CIVIL ACTION NO. 3:15-cv-01154 |
| v. | (CAPUTO, J.)<br>(SAPORITO, M.J.) |
| JUDGE ARTHUR ZUCICK, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On June 12, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner on June 7, 2015. (Doc. 1). At the time of the filing of this federal habeas petition, the petitioner resided in Long Island, New York. He was not incarcerated, nor was he on parole or probation.

The petition alleges the violation of federal rights in connection with the petitioner's conviction in Court of Common Pleas of Monroe County for the misdemeanor offense of a motor vehicle accident involving damage to an attended vehicle. *See Commonwealth v. Aponte*, Docket No. CP-45-CR-0001274-2005 (Monroe County C.C.P.).[1] On January 22, 2007, the

---

[1] In addition to the petition, a federal habeas court may take judicial
*(continued on next page)*

petitioner was sentenced to serve a term of one to twelve months in jail. *Id.* Because he had already been incarcerated for the minimum term while awaiting trial and sentencing, the petitioner was granted immediate parole release. *Id.* On June 29, 2007, parole was revoked and the petitioner was re-incarcerated until he was re-paroled on September 10, 2007. *Id.* His maximum sentence—and his term of parole—expired on November 24, 2007. *Id.* The petitioner did not file a direct appeal from his judgment of conviction and sentence.

The petitioner filed his first PCRA petition in the state trial court on August 31, 2007, which was dismissed by the PCRA court on January 22, 2008. *Id.* The petitioner moved for a stay and vacatur of the denial of his PCRA petition, which was denied by the PCRA court on March 24, 2008. *Id.* The petitioner filed an appeal with the Superior Court of Pennsylvania, which quashed his appeal as untimely on October 14, 2008. *Commonwealth v. Aponte*, Docket No. 1290 EDA 2008 (Pa. Super. Ct.). The petitioner did not seek allocatur in the Supreme Court of Pennsylvania. He did, however, file several other PCRA petitions and petitions for state

---

notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

habeas relief with the Court of Common Pleas, Superior Court of Pennsylvania, and Supreme Court of Pennsylvania, each of which was dismissed or denied. *Commonwealth v. Aponte*, Docket No. CP-45-CR-0001274-2005 (Monroe County C.C.P.); *Commonwealth v. Aponte*, Docket Nos. 1503 EDA 2010, 145 EDM 2011, 612 EDA 2012 (Pa. Super. Ct.); *Commonwealth v. Aponte*, Docket Nos. 120 MM 2012, 187 MM 2012 (Pa.).

The petitioner previously challenged this very same state court judgment in federal habeas proceedings before this same federal district court, which dismissed his § 2254 petition as procedurally defaulted. *See Aponte v. Pennsylvania*, No. 3:09cv1713, 2010 WL 2044629 (M.D. Pa. May 20, 2010). He filed a second federal habeas petition challenging this same state court judgment, which was likewise dismissed on both procedural and substantive grounds. *See Aponte v. Commonwealth of PA*, Civil Action No. 3:CV-10-1993, 2010 WL 4386474 (M.D. Pa. Oct. 15, 2010) (U.S. Magis. J. report), *adopted by* 2010 WL 4386468 (M.D. Pa. Oct. 29, 2010), *certificate of appealability denied*, C.A. No. 10-4372 (3d Cir. May 2, 2011).

In the instant petition, the petitioner challenges the same state criminal judgment on substantially the same grounds as before. The instant petition is a "second or successive" petition as to which this Court

lacks subject matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815–17 (3d Cir. 2005).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to the petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: October 6, 2015**     *s/ Joseph F. Saporito, Jr.*
                                                      **JOSEPH F. SAPORITO, JR.**
                                                      **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| HERBERT APONTE, | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 3:15-cv-01154 |
| v. | (CAPUTO, J.)<br>(SAPORITO, M.J.) |
| JUDGE ARTHUR ZUCICK, | |
| Respondent. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 6, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 6, 2015                     *s/ Joseph F. Saporito, Jr.*
                                           **JOSEPH F. SAPORITO, JR.**
                                           **United States Magistrate Judge**